UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE:<br>18 Ridgeway Circle, North Waterboro, ME 04061 a/k/a 18 Ridgeway Circle, Waterboro, ME 04061 |
| **Jason R. LaPierre and Talia M. LaPierre f/k/a Talia M. Pepin** | Mortgage:<br>August 13, 2010<br>Book 15924, Page 803 |
| **Defendants** | |
| **TD Bank, N.A. f/k/a TD Banknorth, N.A. and Lake Arrowhead Community, Inc.** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Jason R. LaPierre and Talia M. LaPierre, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs.  Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal

National Mortgage Association, in which the Defendants, Jason R. LaPierre and Talia M. LaPierre, are the obligor and the total amount owed under the terms of the Note is One Hundred Sixty-Six Thousand Three Hundred Forty-Two and 05/100 ($166,342.05) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a corporation with its principal place of business located at 3900 Wisconsin Avenue, N.W., Washington, DC 20016.

5. The Defendant, Jason R. LaPierre, is a resident of North Waterboro, County of York and State of Maine.

6. The Defendant, Talia M. LaPierre, is a resident of North Waterboro, County of York and State of Maine.

7. The Party-in-Interest, TD Bank f/k/a TD Banknorth, N.A., is located at 2035 Limestone Road, Wilmington, DE 19808.

8. The Party-in-Interest, Lake Arrowhead Community, Inc., is located at 206 Old Portland Road, North Waterboro, ME 04061.

## FACTS

9. On February 15, 2000, by virtue of a Warranty Deed from Robert C. Kirby, which is recorded in the York County Registry of Deeds in **Book 9902, Page 148**, the property situated at 18 Ridgeway Circle, North Waterboro a/k/a Waterboro, County of York, and State of Maine, was conveyed to Jason R. LaPierre and Talia M. Pepin being more particularly described by the attached legal description, and further conveyed via Warranty Deed, dated August 13, 2010, from Jason R. LaPierre and Talia M. LaPierre, f/k/a Talia M. Pepin to Jason R. LaPierre and Talia M. LaPierre, recorded in the York County Registry of Deeds in **Book 15924, Page 798**. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

10. On August 13, 2010, the Defendants, Jason R. LaPierre and Talia M. LaPierre f/k/a Talia M. Pepin, executed and delivered to Reliance First Capital LLC a certain Note in the amount of $124,450.00. Defendants, Jason R. LaPierre and Talia M. LaPierre f/k/a Talia M. Pepin's personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

11. To secure said Note, on August 13, 2010, the Defendants executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Reliance First Capital LLC, securing the property located at 18 Ridgeway Circle, North Waterboro, ME 04061, a/k/a 18 Ridgeway Circle, Waterboro, ME 04061, which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 15924, Page 803**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Bank of America, N.A., Successor by Merger to BAC Home Loan Servicing LP FKA Countrywide Home Loans Servicing LP by virtue of an

Assignment of Mortgage, dated August 8, 2012, and recorded in the York County Registry of Deeds in **Book 16393**, **Page 456**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage, dated November 30, 2012, and recorded in the York County Registry of Deeds in **Book 16491**, **Page 976**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. On July 2, 2013, the Defendants, Jason R. LaPierre and Talia M. LaPierre f/k/a Talia M. Pepin, executed a Home Affordable Modification Agreement which increased the principal amount of the Note to $120,293.75 (herein after referred to as the "Loan Modification"). *See* Exhibit F (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

15. The Mortgage was then assigned to PROF-2013-S3 Legal Title Trust II, by U.S. Bank National Association, as Legal Title Trustee by virtue of an Assignment of Mortgage, dated December 13, 2016, and recorded in the York County Registry of Deeds in **Book 17384**, **Page 145**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment, dated April 12, 2018, and recorded in the York County Registry of Deeds in **Book 17708**, **Page 273**. *See* Exhibit H (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

17. On April 18, 2019, the Defendants, Jason R. LaPierre and Talia M. LaPierre f/k/a Talia M. Pepin, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of

Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit I (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

18. The Demand Letter informed the Defendants, Jason R. LaPierre and Talia M. LaPierre f/k/a Talia M. Pepin, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit I.

19. The Defendants, Jason R. LaPierre and Talia M. LaPierre f/k/a Talia M. Pepin, failed to cure the default prior to the expiration of the Demand Letter.

20. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

21. The Plaintiff, Federal National Mortgage Association, is the lawful holder and owner of the Note and Mortgage.

22. The Plaintiff, Federal National Mortgage Association, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

23. TD Banknorth, N.A. is a Party-in-Interest pursuant to a Mortgage in the amount of $43,800.00, dated September 6, 2007, and recorded in the York County Registry of Deeds in **Book 15261**, **Page 142,** as affected by Subordination Agreement, dated August 6, 2010, and recorded in the York County Registry of Deeds in **Book 15924, Page 801**, and is in second position behind Plaintiff's Mortgage. *See* Exhibit J (a true and correct copy of the Mortgage and Subordination Agreement is attached hereto and incorporated herein).

24. Lake Arrowhead Community, Inc. is a Party-in-Interest pursuant to a Certificate of Lien in the amount of $1,169.50, dated September 2, 2015, and recorded in the York County Registry of Deeds in **Book 17093**, **Page 474** and is in third position behind Plaintiff's Mortgage.

25. The total debt owed under the Note and Mortgage as of October 30, 2019 is One Hundred Sixty-Six Thousand Three Hundred Forty-Two and 05/100 ($166,342.05) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $118,624.08 |
| Interest | $23,706.19 |
| Escrow Advance | $14,935.84 |
| Lender Paid Expenses | $9,075.94 |
| Grand Total | $166,342.05 |

26. Upon information and belief, the Defendants, Jason R. LaPierre and Talia M. LaPierre f/k/a Talia M. Pepin, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

27. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 26 as if fully set forth herein.

28. This is an action for foreclosure respecting a real estate related Mortgage and title located at 18 Ridgeway Circle, North Waterboro, a/k/a 18 Ridgeway Circle, Waterboro, County of York, and State of Maine. *See* Exhibit A.

29. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the

Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal National Mortgage Association, has the right to foreclosure upon the subject property.

30. The Plaintiff, Federal National Mortgage Association, is the current owner and investor of the aforesaid Mortgage and Note.

31. The Defendants, Jason R. LaPierre and Talia M. LaPierre f/k/a Talia M. Pepin, are presently in default on said Mortgage and Note, having failed to make the monthly payment due December 1, 2014, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

32. The total debt owed under the Note and Mortgage as of October 30, 2019 is One Hundred Sixty-Six Thousand Three Hundred Forty-Two and 05/100 ($166,342.05) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $118,624.08 |
| Interest | $23,706.19 |
| Escrow Advance | $14,935.84 |
| Lender Paid Expenses | $9,075.94 |
| Grand Total | $166,342.05 |

33. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

34. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate, as affected by Defendants, Jason R. LaPierre and Talia M. LaPierre f/k/a Talia M. Pepin's discharge in bankruptcy and, accordingly, this action <u>does</u>

<u>not</u> seek any personal liability on the part of the Defendants, Jason R. LaPierre and Talia M. LaPierre f/k/a Talia M. Pepin, but only seeks *in rem* judgment against the property.

35. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Jason R. LaPierre and Talia M. LaPierre f/k/a Talia M. Pepin, on April 18, 2019, evidenced by the Certificate of Mailing. *See* Exhibit I.

36. The Defendants, Jason R. LaPierre and Talia M. LaPierre f/k/a Talia M. Pepin, are not in the Military as evidenced by the attached Exhibit K.

## COUNT II – EQUITABLE MORTGAGE

1. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 31 as if fully set forth herein.

2. The intent of Defendants, Jason R. LaPierre and Talia M. LaPierre f/k/a Talia M. Pepin, and the originallender, Reliance First Capital LLC, on August 13, 2010, was to create a mortgage on the property commonly known as and numbered as 18 Ridgeway Circle, North Waterboro, ME 04061 a/k/a 18 Ridgeway Circle, Waterboro, ME 04061.

3. This intent is shown by the execution of a Promissory Note, dated August 13, 2010, to Reliance First Capital LLC, in the amount of.

4. The value given at the time of the transaction was $124,450.00, which was significantly below the property's value at that time, clearly indicating that it was the intent of the Defendants, Jason R. LaPierre and Talia M. LaPierre f/k/a Talia M. Pepin, and Reliance First Capital LLC on the date of the transaction, August 13, 2010, that a mortgage be granted on the subject property.

5. The aforesaid Promissory Note, specifically references, as the "Property Address."

6. In addition to the aforesaid Promissory Note, Defendants, Jason R. LaPierre and Talia M. LaPierre f/k/a Talia M. Pepin, also executed a Mortgage on August 13, 2010, which

particularly referenced exactly the same property address of 18 Ridgeway Circle, North Waterboro, ME 04061, which was referenced on the aforesaid Promissory Note.

7. The aforesaid Mortgage is arguably unenforceable under current Maine Law pursuant to the *Greenleaf* decision, et al. *See*, *Bank of America, N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700 (Me. 2014); *Federal National Mortgage Association v. Deschaine*, 2017 Me. 190, 170 A.3d 230 (Me. 2017); *Pushard v. Bank of America, N.A.*, 175 A.3d 103, 2017 ME 230(Me. 2017).

8. This defect is not related to the original execution of the documents, nor the intent of the Defendants, Jason R. LaPierre and Talia M. LaPierre f/k/a Talia M. Pepin, or Reliance First Capital LLC, but is due to the chain of title for the aforesaid mortgage under *Greenleaf* and 33 M.R.S. § 508.

9. The issue of an equitable mortgage (or other equitable remedies) is not addressed by *Greenleaf*, or its progeny; *see*, *Deschaine*, Fn. 2, Fn 4; *Pushard*, Fn 14.

10. It was the intent of Defendants, Jason R. LaPierre and Talia M. LaPierre f/k/a Talia M. Pepin, and Reliance First Capital LLC, at the time of the transaction, as to the Note, that is controlling as to the Court's interpretation of the imposition of an equitable mortgage.

11. The Plaintiff, Federal National Mortgage Association, is the owner and holder of the subject Promissory Note.

12. The Plaintiff, Federal National Mortgage Association, owner of the equitable interest in the aforesaid mortgage but may arguably not be the record owner of said mortgage under the *Greenleaf* decision.

13. Equity requires that "what ought to have been done has been done." *See*, *Smith v. Diplock*, 127 Me. 452, 144 A.383, 386 (Me. 1929).

14. When it is the intent of the parties, at the time of the transaction, that there be a mortgage "[t]he real intent governs". *See*, *Stinchfield v. Milliken*, 71 Me. 567, 570 (1880).

15. The agreement, as memorialized in the various documents referenced herein constitutes an equitable mortgage.

16. For justice to be served, and under the facts and circumstances of this matter, the Court should, and must, impose an equitable mortgage upon the property. Defendants, Jason R. LaPierre and Talia M. LaPierre f/k/a Talia M. Pepin, have no personal liability in this matter, and Plaintiff only seeks *in rem* judgment against the property.

17. The Court's imposition of an equitable mortgage should be under, and pursuant to the statutory terms of applicable Maine Law, including, but not limited to, the rights of redemption, etc. *See*, *Seaman v. Seaman*, 477 A2d 734 (Me. 1984).

PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322, as affected by Defendants', Jason R. LaPierre and Talia M. LaPierre f/k/a Talia M. Pepin, discharges in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendants, but only seeks i*n rem* judgment against the property;

b) Find that the Defendants, Jason R. LaPierre and Talia M. LaPierre f/k/a Talia M. Pepin, entered into a contract for a sum certain in exchange for a security interest in the subject property;

c) Find that it was the intent of the Defendants, Jason R. LaPierre and Talia M. LaPierre f/k/a Talia M. Pepin, and the original lender, Reliance First Capital LLC, on August 13, 2010 to create a mortgage on the property commonly known as and numbered as 18 Ridgeway Circle, North Waterboro, ME 04061 a/k/a 18 Ridgeway Circle, Waterboro, ME 04061;

d) Impose an equitable mortgage upon the property known as and numbered as 18 Ridgeway Circle, North Waterboro, ME 04061 a/k/a 18 Ridgeway Circle, Waterboro, ME 04061 for the benefit of the Plaintiff, who currently owns the Note and as manifested by the intent of the parties when the transaction was initially consummated;

e) Impose the applicable time periods for redemption, etc., as reflected in 14 M.R.S.A. § 6322;

f) Find that while the Defendants, Jason R. LaPierre and Talia M. LaPierre f/k/a Talia M. Pepin, have no personal liability in this matter, a Judgment in this matter can be imposed *in rem* against the property commonly known as and numbered as 18 Ridgeway Circle, North Waterboro, ME 04061 a/k/a 18 Ridgeway Circle, Waterboro, ME 04061;

g) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

h) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Federal National Mortgage Association,
By its attorneys,

Dated: October 10, 2019

/s/Reneau J. Longoria, Esq.
/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com